Declaration in these words: John Swingle, by his attorney, complains of Abraham Boyler, late sheriff of Carter county, in the district aforesaid, in custody, c, in a plea of trespass on the case, for that whereas the said defendant at the several times hereinafter mentioned, and for a long time before and since, was sheriff of said county of Carter; and so being sheriff a writ of fi. fa. issued on the third day of November, 1802, from the Court of Pleas and Quarter Sessions for said county of Carter, on a judgment recovered in said court at August term, 1802, by a certain John Rhea, against said plaintiff, for $234.43 damages, and nine dollars seven cents and five mills costs, which was delivered to said defendant on the 10th day of December in the year aforesaid, to execute as sheriff of said county, and collect said sums of money so recovered for damages and costs; and said plaintiff avers, that at the time said writ was so delivered, and at the time of the levy hereinafter mentioned, and for a long time before and since he was possessed in his own right of goods and chattels in said county of Carter sufficient to make said sums of money so recovered for damages and costs; and said plaintiff avers, that at the time said writ was so delivered, and at the time of the levy hereinafter *Page 227 
mentioned, and for a long time before and since, he was possessed in his own right of goods and chattels in said county of Carter sufficient to make said sum of money so recovered for damages and costs, to wit, horses, cattle, hogs, household furniture, bar-iron, smiths' tools, carpenters' tools, c, of which said defendant then and at the time of levying hereinafter mentioned, there, to wit, in said county, had notice; nevertheless said defendant well knowing the premises, but contriving and maliciously intending to defraud, oppress, and injure said plaintiff, and to cause him to be ousted of the lands and tenements hereinafter mentioned, and for ever deprived of the profits thereof, afterwards, to wit, on the 19th day of January, 1803, levied said writ of fi. fa. on the following tracts or parcels of land in said county of Carter, to wit, 200 acres on Indian Creek, and three tracts of 100 acres each adjoining said 200 acres on Indian Creek, and waters of Nolichucky River, including a forge and bloomery, grist-mill, saw-mill, works for cutting nails, smith shop, dwelling-house, and other buildings of the value of $10,000. One equal and undivided moiety of which said plaintiff was seised and possessed of in his own right in fee; and afterwards, to wit, on the ___ day of _____ in the last mentioned year, at said county of Carter, said defendant in pursuance of his said fraudulent and malicious intention, sold said several tracts of land, making together 500 acres, by virtue of a pluries writ of venditioni exponas, issued on said judgment from said County Court of Carter, on the 8th day of September, in the last-mentioned year, to a certain Charles Whitson for $170. and the said plaintiff has since, to wit, on the ___ day of March, 1806. been dispossessed of his said moiety of said several tracts of land and premises, and deprived of the profits and emoluments thereof, by due course of law, in consequence of said levy and sale, to the damage of said plaintiff $5,000, and thereupon he brings suit, and there are pledges to prosecute, c.
And the defendant by his attorney comes and *Page 228 
defends the force and injury when and where, c, and for plea saith he is not guilty in manner and form as said plaintiff in his said declaration hath alleged, and of this he puts himself upon the country.
And the plaintiff likewise, WHITESIDE.
The evidence was, that, upon a fi. fa. previous to Rhea's, the sheriff made return that he had levied upon a wagon, and two oxen but not delivered, and that the property was proved away by a man of the name of Pickens, that the plaintiff and Pickens were concerned in the ironworks, which had been sold; that the personal property at the iron-works consisted of some oxen, an old wagon, some smiths' tools, some hogs, two cows, and a feather bed or two; but none of the witnesses could tell whether one or both the Swingles, being brothers, or Pickens, owned the property. It was alternately claimed by these persons.
By several witnesses it appeared, that, when the execution was levied, the plaintiff was much straitened in his circumstances. Before this levy, personal property could not be found to satisfy several executions; it appeared from the testimony of the clerk of the court that, by virtue of a fi. fa. which issued previous to thevenditioni exponas, upon which the land was sold, the sheriff levied upon two oxen which Pickens swore to as his property, and which were given up to him.
To sustain this action it is necessary for the plaintiff to support the following positions: 1st, that there was personal property on which the levy could have been made; 2d, that it was known to the sheriff; and 3d, that it was accessible to the sheriff.
The onus probandi lies on the plaintiff.[1] The sheriff's return is evidence of the levy, but not as to the property being proved away.
Where the plaintiff makes the necessary proof the law will intend that the levying upon real property, when personal could be had, was done *Page 229 
maliciously. But the law authorizes the levying upon real property as well as personal at the same time, though the personal property must be first sold.
Verdict for the defendant.
[1] Hardin, 362; 11 East, 297; 3 Binn. 35; 3 Mass. 379.